

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEVEN BRADLEY CORKER,

    Plaintiff,

v.                              Civil Action No. 3:13CV106

DEPARTMENT OF SOCIAL SERVICES,

    Defendant.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on October 4, 2013, the Court dismissed Steven Bradley Corker's civil action for failure to return the consent to collection of fees form. On November 6, 2013, the Court received from Corker a letter that the Court construes as a motion filed pursuant to Fed. R. Civ. P. Rule 59(e) ("Rule 59(e) Motion," ECF No. 10). Corker challenges the Court's October 4, 2013 Memorandum Opinion and Order, returns a completed consent to collection of fees form, and asks the Court to reopen the case.

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406,

1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Corker states that he asked for the inmate account statement twice to prove his inability to pay for the action but the institution never sent the statement. (Mot. 1.) The institution's failure to mail Corker's inmate account statement has no bearing on Corker's failure to return his consent to collection of fees form. Additionally, the Court notes that to the extent Corker alleges that the institution in some manner interfered with his legal mail, the Court received, without incident, Corker's in forma pauperis affidavit and two subsequent letters from Corker.

Corker fails to demonstrate that the Court committed a clear error of law or that reopening the case would prevent manifest injustice. Nor does Corker demonstrate any other basis for granting Rule 59(e) relief. Accordingly, Corker's Rule 59(e) Motion will be denied. If Corker wishes to refile this complaint, he may simply bring a new action.

The Clerk is directed to send a copy of the Memorandum Opinion to Corker.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: February 17, 2014
Richmond, Virginia

2